O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHARMAINE D. CASHAW,                    )        CASE NO. CV 08-02626 (RZ)
                                        )
                    Plaintiff,          )
                                        )        MEMORANDUM OPINION
            vs.                         )        AND ORDER
                                        )
MICHAEL J. ASTRUE, Commissioner         )
of Social Security,                     )
                                        )
                    Defendant.          )
_____)

        Plaintiff Charmaine D. Cashaw seeks review of the Social Security
Commissioner's decision denying her disability benefits and Supplemental Security
Income.  The Commissioner's delegate, the Administrative Law Judge, found that Plaintiff
could perform her past relevant work as security guard, and therefore was not entitled to
such benefits. [AR 17 *et seq*.] This determination hinged on the residual functional capacity
he found — that, despite her impairments of depression and an obsessive-compulsive
disorder [AR 19], Plaintiff retained the capacity to work at all exertional levels with but
two limitations: "moderate limitation in the ability to carry out detailed instructions and
moderate limitation in the ability to interact appropriately with the general public."  [AR
21]  This finding, however, was not backed by substantial evidence.

        The Administrative Law Judge stated that he was relying on the opinion of
Plaintiff's treating psychiatrist, Murni Lubis, M.D.  [AR 22-23]  But he adverted to little

in Dr. Lubis' assessments to justify his finding.  He did refer to one Global Assessment Finding score of 59 [AR 22], but ignored several others that were considerably lower.  [AR 187, 190, 193]  Otherwise, the portions of Dr. Lubis' assessment he referred to did not support his finding.  He noted, for example, that Dr. Lubis said that Plaintiff had poor social skills in that she often becomes belligerent, but not violent, in situations that she has no power to change; that Dr. Lubis felt that  Plaintiff needed to have instructions repeated several times for her to understand; that Plaintiff was unable to manage multiple tasks simultaneously; that Plaintiff finds it difficult to adapt to changes in established routines; and that Plaintiff has difficulty concentrating and staying focused. [AR 23]  None of these assessments describe a limitation that is moderate and certainly, when they are considered together, they paint a much more restrictive picture than that found by the Administrative Law Judge.

The GAF of 59 is some evidence of a lesser limitation, but standing alone it is not enough.  It is asking too much of a single number to encapsulate everything about a Plaintiff's mental impairments, and, as the Commissioner recognizes in this Court, the cases do not give the GAF alone such prominence. *Cf. Howard v. Commissioner*, 276 F.3d 235, 241 (6th Cir. 2002).  Nor does the Social Security Administration itself.  *See* 65 Fed. Reg. 50746, 50764-65 (August 21, 2000).  And the law is clear that the entire record must be viewed.  *Druin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

Part of that record included the evaluation of a consulting psychologist, Dr. Chen.  Like Dr. Lubis, Dr. Chen thought Plaintiff to be significantly impaired, far more limited in capacity than what the Administrative Law Judge determined.  The Administrative Law Judge rejected the opinion of Dr. Chen, stating that he preferred that of the treating physician Dr. Lubis.  But the Administrative Law Judge did not explain any significant differences in the opinions, and the Court sees none.  It is true that Dr. Chen assigned a lower GAF, but the substantive assessment remains very similar to that articulated by Dr. Lubis.

To find substantial evidence in support of the Administrative Law Judge's decision, there must be "more than a mere scintilla . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Drouin v. Sullivan, supra, quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971).  While the Government argues that the Administrative Law Judge relied on the overall record, there is nothing in that record — certainly nothing identified by the Administrative Law Judge or, for that matter, by the Commissioner in his brief to this Court — that supports the notion that only fairly mild restrictions result from Plaintiff's impairments.  The State agency which evaluated Plaintiff, for example, conducted a records-only evaluation [AR 234] and thus, its evaluation is not as important as that of treating psychiatrist Dr. Lubis.

There being no substantial evidence supporting the residual functional capacity, the resulting finding that Plaintiff could perform her past relevant work as a security guard cannot be sustained.  Accordingly, the decision of the Commissioner is reversed.  The matter is returned to the Commissioner to assess a residual functional capacity which tracks that found by the treating psychiatrist, *cf. Vasquez  v. Astrue*, 547 F.3d 1101 (9th Cir. 2008), and for further proceedings consistent with this memorandum opinion in completing the sequential analysis.

IT IS SO ORDERED.

DATED:  January 13, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE